**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 10, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

DORIS LUJAN, a/k/a Doris
Felix-Lujan, on her own behalf and
on behalf of her minor daughters
R.L. and D.L.,

      Plaintiff-Appellant,

v.

COUNTY OF BERNALILLO;
ANTHONY E. MEDRANO, Deputy
Sheriff; B. TYLER, Deputy Sheriff
Sergeant; RYAN NELSON, Deputy
Sheriff; THERESA SABAUGH,
Deputy Sheriff, individually and in
their official capacities;
APPROXIMATELY EIGHT
UNIDENTIFIED MEMBERS OF THE
BERNALILLO COUNTY SHERIFF'S
DEPARTMENT SWAT TEAM,

      Defendants-Appellees,

DENNIS W. MONTOYA,

      Attorney-Appellant.

No. 10-2266
(D.C. No. 1:08-CV-01125-WJ-DJS)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata,

(continued...)

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

This case concerns the appeal of two district court orders. The first order granted summary judgment in favor of the defendants and against plaintiffs Doris Lujan and her minor daughters, R.L. and D.L., on their claims for the alleged violation of their constitutional rights under 42 U.S.C. § 1983. The second order is one that referred a memorandum and order concerning plaintiffs' lawyer, Dennis W. Montoya, to the Chief Judge of the New Mexico Federal District Court and to the Chief Counsel of the Disciplinary Board for the State Bar of New Mexico. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the summary judgment order. We do not consider the memorandum and order referred to the chief judge and disciplinary counsel. Mr. Montoya has apparently abandoned the appeal from this order for two reasons: (1) he has not complied with this court's order to address our appellate jurisdiction to review the order; and (2) there is no mention of the order in the opening brief. *See Bronson v. Swensen*, 500 F.3d 1099, 1104 (10th Cir. 2007) (holding that "the omission of an issue in an opening brief generally forfeits appellate consideration of that issue").

---

[*](...continued)
and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

This case concerns the alleged misconduct of law enforcement personnel during and following the execution of a search warrant. The issues raised by plaintiff on appeal concern the searches of Doris Lujan and her minor daughters and the detention of the minors in an adult holding cell pending their release to a responsible party.

Defendants moved for summary judgment on several grounds, including qualified immunity. Plaintiffs never addressed qualified immunity. Generally, a litigant's failure to address an argument in the district court results in forfeiture of that argument on appeal. *United States v. Jarvis*, 499 F.3d 1196, 1201 (10th Cir. 2007). Even if we were inclined to overlook this failure, the result would be the same, because just as in the district court, plaintiffs have failed to explain how the alleged misconduct violated their constitutional rights, and more to the point, that the law was clearly established at the time of the incident. *See Toevs v. Reid*, 646 F.3d 752, 755 (10th Cir. 2011) (holding that "to avoid judgment . . . based on qualified immunity, the plaintiff must show that the defendant's actions violated a . . . constitutional right, and that the . . . right[] . . . [was] clearly established at the time of the conduct at issue. We may address these questions in whatever order is appropriate under the circumstances" (quotation omitted and citation omitted)).

The judgment of the district court is AFFIRMED.

Entered for the Court

Stephen H. Anderson
Circuit Judge